132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sandra PRINCEAU, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration; John J. CALLAHAN, Acting
Commissioner, Social Security
Administration, Defendant-Appellee.
 No. 96-35982.
 United States Court of Appeals, Ninth Circuit.
 Dec. 10, 1997.
Submitted** December 5, 1997
 
 1
 Appeal from the United States District Court for the Western District of Washington
 
 Robert J. Bryan, District Judge, Presiding
 
 2
 Before: WRIGHT, REAVELY*** and KLEINFELD, Circuit Jduges.
 
 
 3
 MEMORANDUM*
 
 
 4
 Sardra Princeau appeals the judgment affirming the Appeals Council's decision not to review the decision of the ALJ denying her application for disability insurance benefits under Title II of the Social Security Act. We affirm.
 
 
 5
 WE review de novo an order upholding the Commissioners denial of benefits. Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir.1997). The decision of the Commissioner must be affirmed if it applies the correct Legal standards and is supported by substantial evidence Smolen v. Chater, 8C F.3d 1273, 1279 (9th Cir.1996). Substantial evidence is more than a mere scintilla, but less than a preponderance. Jamerson, 112 F.3d at 1066. "If the evidence can reasonably support either affirming or reversing the [Commissioner's] conclusion, the court may not substitute its judgment for that of the [CommisSioner]." Flaten v. Secretary, 44 F.3d 1453, 1457 (9th Cir.1995).
 
 A. The ALJ's Hypothetical
 
 6
 This court has held that the ALJ "need not include all claimed impairments in his hypotheticals, [but] he must make specific findings explaining his rationale for disbelieving any of the claimant's subjective complaints not included in the hypothetical." Light v. Social Security Administration, 119 F.3d 789, 793 (9th Cir.1997).
 
 1. Depression
 
 7
 As a preliminary matter, the allegations of depression on which Princeau relies were added to the record after the ALJ presented his hypothetical to the vocational expert. In any case, the ALJ justified his decision to disregard her complaints of depression in his opinion, writing "there is no evidence that Mrs. Princeau has experienced cognitive deficits or emotional dysfuncsion," appending a Psychiatric Review Technique Form ("PRTF") to his opinion. 20 C.F.R. § 404.1520a(d)(2). The PRTF found nd severe mental impairmenis,
 
 2. Pain
 
 8
 "[A] claimant who alleges disability based on subjective symptom3 must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or othe:c symptoms alleged...." Smolen v. Chater, 80 F.3d 1273, 1281 (9-h Cir.1996) (quoting 42 Ir.S.C. § 423(d)(5)(A) (1988)). If the claimant produces such evidence and there is no affirmative evidence of malingering, the ALJ must offer clear and convincing reasons, supported by specific findings, for rejecting her claims. Id. (citing Dodrill v. Shalala, 22 F.3d 915, 918 (9th Cir.1993)).
 
 
 9
 Here the ALJ concluded that Princeau offered objective medical evidence of impairments that could reasonably cause pain. He then found clear and convincing reasons to reject her assertion that the severity of her pain prevented her from doing even sedentary or light exertion jobs. His reasons included the opinions of treating and evaluating physicians and Princeau's own testimony about her daily activities, which included cooking, driving, shopping, and occasional typing as a volunteer at the local YMCA.
 
 3. Sleeplessness
 
 10
 Princeau's husband testified that she cannot sleep well because ier pain frequently wakes her up. Although the ALJ did not make any specific findings rejecting the testimony about Princeau's sleep problems, see Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir.1993) (holding that when rejecting lay testimony, the ALJ must give reasons "germane to each witness"), nothing in the record suggests that the alleged disruptions rise to the level of a limitation requiring review under 20 C.F.R. § 404.1545(e). Thus, any error was harmless. See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir.1993).
 
 B. Developing the Record on Depression
 
 11
 In cases of mental impairments, the duty of the ALJ to develop the record is important, "[b]ecause mentally ill persons may not be capable of protecting themselves from possible loss of benefits by furnishing necessary evidence concerning onset [of their disability.]" Delorme v. Sullivan, 924 F.2d 841, 849 (9th Cir.1991) (quoting Sccial Security Ruling 83-20).
 
 
 12
 There is no evidence that Princeau cannot protect her interests as a result of mental impairment. To establish her depression, she relies on (1) the notes of her treating orthopedic physician that refer to her assertions of being "very depressed" and "crying in the middle of the day" and conclude that she is "indeed depressed," and (2) a letter to the ALJ saying that her primary physician has placed her on antidepressants and referred her to a psychologist.
 
 
 13
 These references to depression were written months after her administrative hearing in which the ALJ suggested that she could engage Ln sedentary to light exertion work. The ALJ concluded that Princeau suffered from a reactive depression that did not affect her ability to work. There is no evidence in the record contradicting that conclusion.
 
 C. Volunteer Activities and Employability
 
 14
 Daily activities are among several factors that the Commissioner will consider when evaluating subjective symptoms and pain. 20 C.F.R. § 404.1529(a) Light, 119 F.3d at 792. The cases on which Princeau relies, Cohen v. Secretary, 964 F.2d 524 (6th Cir.1992) and Erickson v. Shalala, 9 F.3d 813 (9th Cir.1993) dd not hold that consideration of daily activities is improper.
 
 
 15
 D. Disability Opinion of Most Recent Physician
 
 
 16
 If a treating physician's opinion is contradicted by another doctor, "the Commissioner may not. reject this opinion without providing specific and legitimate reasons' supported by substan,:ial evidence in the record." Lester, 69 F.3d at 1463 (quoting Murray v. Heckler, 722 F.2d 499, 5D2 (9th Cir.1983)).
 
 
 17
 The Appeals Council gave specific and legitimate reasons, supported by substantial evidence in the record, for rejecting the opinion of Princeau's primary doctor, It wrote:
 
 
 18
 The assessment from Dr. Jackson indicates that you have functional restrictions which prevent you from working and that your symptoms are supported by objective evidence. There was, though, no clinical evidence submitted to support the degree of limitation shown in the assessment and the assessment is not consistent with the evidence of record. Therefore, the Appeals Council concludes that the additional evidence does not warrant changing the Administrative Law Judge's decision.
 
 
 19
 Furthermore, this court has held that after the ALJ has rendered an opinion, treating physician opinions that are solicited by claimant's counsel for litigation purposes may be rejected as unreliable. Saelee v. Chater, 94 F.3d 520, 522-23 (9th Cir.1996). See also Macri v. Chater, 93 F.3d 540, 544 (9th Cir.1996). Dr. Jackson's opinion was rendered on a form provided by Princeau's counsel after the ALJ issued his opinion.
 
 E. Ability to Sustain Work Over Time
 
 20
 An ALJ may reject subjective assertions by a claimant about the extent of her physical limitations. Smolen, 80 F.3d at 1281. Here, the ALJ considered Princeau's subjective complaints that she could not engage in repetitive light exertion activities in his dialogue with the vocational expert. He initially rejected the expert's suggestion that Princeau could work as a receptionist because he was concerned about the repetitive nature of the physical activities involved, e.g. answering the telephone. When the expert noted that most receptionists now use a headset, the ALJ's concerns were met.
 
 
 21
 AFFIRMED.
 
 
 
 **
 The panel unanimcusly finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 * Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3