Eugene Oliver SWAN, Jr., Plaintiff–Appellant,

v.

UNITED STATES of America and Linda Young Miller, Ph.D., Defendants–Appellees.

No. 01–15847.

D.C. No. CV–99–5401–MJJ.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2002.\*

Decided March 4, 2002.

Fed. R.App. P. 34(a)(2).

Before NOONAN and TROTT, Circuit Judges, and EZRA,** District Judge.

### MEMORANDUM ***

Federal prisoner Eugene Oliver Swan, Jr. ("Swan"), appeals from the district court's summary judgment in his suit under *Bivens*, and the Federal Tort Claims Act, alleging violation of the Eighth Amendment which allegedly resulted from the deliberate indifference by federal officers to Swan's safety and health. Swan's left eye was split open in a violent attack and beating by an inmate and had to be surgically removed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's grant of summary judgment

Swan asserts that the United States of America and Linda Young–Miller ("Defendants") violated his rights, and are therefore responsible for his injury, because Defendants should have acted to prevent the assault, based on information Swan

** The Honorable David Alan Ezra, Chief United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

had previously conveyed to Dr. Young Miller.

The standard of review of a district court's grant of summary judgment is *de novo*. *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir.1998); *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir.1996) (per curiam).

The test for determining whether an official can be shielded by qualified immunity is two-fold. The court must consider whether (1) "the law governing the conduct was clearly established," and if so, whether (2) "under that law, a reasonable official could have believed his conduct was lawful." *Thompson v. Souza*, 111 F.3d 694, 698 (9th Cir.1997).

■ Given the facts of this case, Young Miller could reasonably have believed that her discretionary conduct vis à vis Swan's communications was lawful. Young Miller did concede that is was a *possibility* that the inmates *might* harm Swan, however, her complete testimony indicates she did not believe there was any serious threat of physical danger at all. Young Miller had grounds to believe that Swan was not in danger. Young Miller was treating Swan for symptoms of psychosis and depression, she had diagnosed him as paranoid, and had learned of his history of physical abuse and prior sexual abuse and intimidation. Given these diagnoses, Young Miller reasonably concluded that the confrontation with the other inmates did not pose an actual risk that Swan would come to physical harm, but rather had caused him to relive his negative past experiences. These conclusions were later supported by Swan himself on December 8, 1998, just a few days after he first told Young Miller of the confrontation, and before any attack or injury occurred, when he described himself as "paranoid" and stated that his fears could have been misplaced.

■ At this second meeting, Swan displayed a concern that Young Miller *not* tell anyone about his situation. Given the general aura of confidentiality surrounding this situation, that Young Miller respected Swan's wishes does not evince "deliberate indifference." Without any indicia of deliberate indifference, a prison official does not possess a sufficiently culpable state of mind to be held liable for an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Accordingly, Young Miller's conduct did not violate clearly established statutory or constitutional rights of which a reasonable person could have known" and she is protected from liability for civil damages by qualified immunity *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

■ Swan also alleges that the United States is liable under the FTCA because Young Miller was negligent in failing to take any action after Swan told her of his confrontation with the threatening inmates. For the reasons discussed above, Young Miller breached no duty to her patient. Accordingly, no negligence claim can be maintained and Swan's FTCA claim also fails.

The district court's grant of summary judgment on both grounds was appropriate.

**AFFIRMED.**