Ngeunh SIVILAY, Plaintiff—Appellant,

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant— Appellee.**

No. 01–15642.

D.C. No. CV–99–01725–JFM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2002.

Decided March 27, 2002.

Before HUG and TASHIMA, Circuit Judges, and SEDWICK,* District Judge.

MEMORANDUM **

Ngeunh Sivilay ("Sivilay") appeals the district court's judgment, denying her motion for summary judgment and granting the motion for remand of the Commissioner of the Social Security Administration ("Commissioner"), in her action challenging the Commissioner's denial of her appli-

* Honorable John W. Sedwick, United Stated District Judge for the District of Alaska, sitting by designation.

cation for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et. seq.* The district court had jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here.

I

■ Sivilay argues that the district court erred in affirming the Administrative Law Judge's ("ALJ") decision to disregard the opinions submitted by her treating psychiatrists, Dr. Arnaldo Solis, M.D., and Dr. Al Raitt, M.D. We review *de novo* the district court's decision. *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir.2001). The district court properly affirmed the ALJ if the ALJ applied the correct legal standards and if substantial evidence in the record as a whole supports the ALJ's factual determinations. *Pagter v. Massanari,* 250 F.3d 1255, 1258 (9th Cir.2001). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater,* 108 F.3d 978, 980 (9th Cir.1997) (internal quotations omitted).

The ALJ rejected Dr. Solis' opinion because the ALJ found that it was based upon the subjective complaints of Sivilay and her husband, which the ALJ deemed not credible. We have previously recognized this reason as a proper legal ground for rejecting a treating physician's opinion. *See Morgan v. Comm'r of the Soc. Sec.*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Admin.*, 169 F.3d 595, 602 (9th Cir.1999) ("A physician's opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted.") (internal quotations omitted); *Sandgathe*, 108 F.3d at 980 (affirming the ALJ's rejection of a treating physician's opinion when it was based upon the claimant's self-reports, which the ALJ properly found to be exaggerated and unreliable); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir.1989) (same).

We find that substantial evidence supports the ALJ's factual determination that Dr. Solis' opinion was based upon subjective complaints from Sivilay and her husband, who sometimes attended his wife's sessions and whose statements are reflected in Dr. Solis' notes. Dr. Solis' monthly treatment reports contain a "subjective" section, in which he recorded Sivilay's symptoms as reported by Sivilay and her husband, and an "objective" section, in which he noted his own observations regarding Sivilay's appearance, behavior, relating ability, thought processes, and the like. We find that Dr. Solis' opinion is largely based upon Sivilay's symptoms from the "subjective" sections of his treatment reports, and that therefore substantial evidence exists for the ALJ's factual determination.

■ Both the law and the record also support the ALJ's decision to discount the subjective representations that Sivilay and her husband made regarding the severity of Sivilay's mental impairment. We have held that an ALJ may properly discredit a claimant's allegations of disability "if [the] claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting," or if there is evidence of "an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Fair*, 885 F.2d at 603. The record includes evidence inconsistent with the severely disabling mental impairment represented by Sivilay and her husband because the evidence shows Sivilay interacting socially and able to perform simple tasks that are transferable to a work setting. The record also contains evidence that Sivilay went for long periods of time without attending the mental health clinic, and was extremely inconsistent in taking her anti-depressant medications. The record does not explain why Sivilay periodically abandoned her prescribed treatment regimen. Accordingly, substantial evidence supports the ALJ's finding that Sivilay's and her husband's descriptions of Sivilay's mental impairment were not fully credible. The ALJ therefore could properly disregard Dr. Solis' opinion based upon these unreliable, subjective complaints. *See Morgan*, 169 F.3d at 602; *Fair*, 885 F.2d at 603, 605.

■ The ALJ rejected Dr. Raitt's opinion on the grounds that it was inconsistent with his treatment notes, and was based upon the subjective complaints of Sivilay and her husband. As already discussed, an ALJ may correctly disregard a treating physician's opinion when it is based upon the claimant's exaggerated self-reports. *See Morgan*, 169 F.3d at 602; *Sandgathe*, 108 F.3d at 980. It is also appropriate to discredit a physician's opinion when it lacks support in the physician's own treatment notes. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir.1996) (the ALJ could disregard an examining physician's opinion because "it was obtained solely for the purposes of the administrative hearing, varied from [the physician's] own treatment notes, and was worded ambiguously in an apparent attempt to assist [the claimant] in obtaining social security benefits.").

Reviewing the record, we find that Dr. Raitt's opinion describes a mental impairment considerably more severe than that reflected in Dr. Raitt's treatment notes. Furthermore, the opinion seems to be based upon Sivilay's and her husband's complaints, rather than Dr. Raitt's clinical observations. Accordingly, we find that substantial evidence exists for the ALJ's factual determination that Dr. Raitt's opinion was inconsistent with his treatment notes, and was based upon Sivilay's and her husband's subjective statements, which the ALJ had properly found unreliable. The ALJ properly disregarded Dr. Raitt's opinion. *See Morgan*, 169 F.3d at 602; *Saelee*, 94 F.3d at 522.

We therefore hold that the district court correctly affirmed the ALJ's rejection of the opinions submitted by Sivilay's treating psychiatrists.

## II

■ Sivilay next argues that the district court abused its discretion in remanding her case to the ALJ for further administrative proceedings. We are not convinced that the district court's decision to remand under 42 U.S.C. § 405(g) was "beyond the pale of reasonable justification under the circumstances." *Harman v. Apfel*, 211 F.3d 1172, 1175, 1178 (9th Cir.2000). Rather, we find the decision sensible under the circumstances.

As the district court indicated, remand serves a number of purposes in this case. First, remand allows a state agency medical or psychological consultant to review Sivilay's medical records and make findings of fact about the existence and severity of her mental impairment. Pursuant to 20 C.F.R. § 416.927(f), this should have been done in Sivilay's case. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir.1990) ("If additional proceedings can remedy defects in the original administrative pro-

ceedings, a social security case should be remanded.") (quoting *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir.1981)). As the Commissioner represents, the consultant will, among other things, review Sivilay's medical records to determine whether the ALJ might, upon reconsideration, find that her treating psychiatrists' opinions should be credited.

Second, remand permits the Commissioner, under 20 C.F.R. § 416.912(f), to seek a consultative mental status examination for Sivilay and a medical source statement from her current psychiatrist. As the district court noted, this additional evidence would be helpful in comparing the demands of Sivilay's past relevant work experience to her residual mental and physical capabilities. *See* 20 C.F.R. § 416.920(e).

Third, remand allows further development of the issue of Sivilay's noncompliance with her prescribed treatment regimen, and whether her noncompliance renders her ineligible for benefits. *See* 20 C.F.R. § 416.930(b). As the Commissioner represents, if an ALJ denies benefits on this ground, the ALJ must specifically find based upon the record that the prescribed treatment can restore the claimant's ability to work. *See* 20 C.F.R. § 416.930(a); S.S.R. 82–59. Furthermore, after finding that the claimant has not complied with prescribed treatment expected to restore the ability to work, the ALJ should give the claimant an opportunity to explain the noncompliance to determine whether a justifiable cause exists for it. *See* 20 C.F.R. § 416.930(b),(c); S.S.R. 82–59.

Lastly, we find remand for further factual development appropriate because, having discredited Sivilay's and her husband's subjective complaints and her treating psychiatrists' opinions, the ALJ had

before him a record that did not offer especially firm ground for a decision in Sivilay's case. *See Mayes v. Massanari,* 276 F.3d 453, 459–460 (9th Cir.2001) (the ALJ has a duty to develop the record further when the evidence is ambiguous or inadequate to allow for a proper evaluation); *Brown v. Heckler,* 713 F.2d 441, 443 (9th Cir.1983) (remanding for further development of the factual record when it was inadequate for decision).

We therefore hold that the district court properly exercised its discretion in remanding Sivilay's case for further administrative proceedings. In light of the supplementation of the factual record that is to occur, the district court also correctly denied Sivilay's summary judgment motion. *See* Fed.R.Civ.P. 56(c) (summary judgment may be granted only when "there is no genuine issue as to any material fact").

AFFIRMED.