Robert THRUSH, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 02–35264.

D.C. CV–00–6212–KI.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2003.*

Decided Sept. 19, 2003.

Tim D. Wilborn, Law Offices of Tim Wilborn, Portland, OR, Etta L. Wilborn, Etta L. Wilborn, P.C., Tucson, AZ, for Plaintiff–Appellant.

Craig J. Casey, USPO–Office of the U.S. Attorney, Portland, OR, Lucille G. Meis, Daphne Banay, Social Security Administration, Seattle, WA, for Defendant–Appellee.

Before ALDISERT,** GRABER and GOULD, Circuit Judges.

MEMORANDUM***

I.

"The ALJ need not accept the opinion of a physician—even a treating physician—if

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

it is conclusionary and brief and is unsupported by clinical findings." *Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir. 1992). The ALJ rejected Dr. Kurlychek's conclusions in his 1996 decision, as well as his conclusions in his 1998 decision, for several reasons described in her opinion and summarized in the district court's opinion.

■ We accept the district court's analysis of the weight to be accorded Dr. Kurlychek's testimony:

> Dr. Kurlycheck offered no rebuttal to the ALJ's conclusions that Thrush's extensive work history demonstrated he was not disabled and had not experienced episodes of decompensation and that the test scores did not support a finding of marked impairment in attention and concentration.... [T]he Appeals Council found no error in the ALJ's conclusions concerning Dr. Kurlychek's opinion [when the matter was first before them.]

> \*   \*   \*   \*   \*   \*

In his decision after remand, the ALJ gave another extensive and persuasive rationale for rejecting Dr. Kurlychek's conclusions. TR 26–38. He adopted the reasons he had articulated in his first written decision. TR 28–30. He demonstrated through clear evidence on the record that Thrush significantly exaggerated his medical history when describing it to Dr. Kurlychek. A physician's opinion of disability "premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded when those complaints have been properly discounted." *Flaten v. Secretary of Health and Human Services,* 44 F.3d 1453, 1463–64 (9th Cir.1995).

The ALJ gave a credible basis for believing Thrush overstated his present symptoms, as well, noting that Thrush complained of significant symptoms only when being examined by consultants in relation to benefits claims, but did not seek treatment for those symptoms or report them to treating sources. The ALJ pointed out the absence of any new objective findings to support Dr. Kurlychek's addition of pain syndrome to his diagnosis. He demonstrated that Thrush's record of intermittent conservative treatment did not support the presence of any significant pain syndrome, contrary to Dr. Kurlychek's finding. TR 26–38.

> I find that the foregoing are specific, legitimate, clear and convincing reasons which are supported by substantial evidence in the record. The limitations stated in the ALJ's residual functional capacity determination fairly describe conclusions that reasonably can be drawn from Dr. Kurlychek's opinion in light of the record as a whole.

ER 226–227.

## II.

■ We also accept the district court's determination of the adequacy of the vocational testimony set forth in its opinion. ER 227–228. Appellant argues that the descriptions of occupations described by the vocational expert in the *Dictionary of Occupational Titles* ("DOT") require frequent reaching, handling and fingering and that he cannot perform these tasks because of the limitations in his hands, and because he often experiences deficiencies of concentration, persistence or pace resulting in a failure to complete tasks in a timely manner. We are satisfied that the ALJ's vocational hypothetical accounted for such limitations.

courts of this circuit except as provided for by         Ninth Cir. R. 36–3.

## III.

Appellant had the burden of establishing her entitlement to Social Security disability benefits. *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir.1999). We review the decision of the district court *de novo* to ensure that there is substantial evidence to support the decision of the Commissioner and that the decision is free of legal error. 42 U.S.C. § 405(g); *Meanel,* 172 F.3d at 1113. Substantial evidence " 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). It is more than a scintilla but less than a preponderance, *Jamerson v. Chater,* 112 F.3d 1064, 1066 (9th Cir.1997), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). If the evidence can reasonably support either confirming or reversing the Commissioner's decision, we may not substitute our judgment for that of the ALJ. *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir.1999). The Commissioner's findings must be upheld if they are supported by inferences which can be reasonably drawn from the record. *Gallant v. Heckler,* 753 F.2d 1450, 1452–1453 (9th Cir.1984). Even if the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir.1999). If there is not evidence of malingering, and a claimant produces objective medical evidence of an underlying impairment which would reasonably be expected to produce some degree of pain or other symptoms, the ALJ may reject the claimant's testimony about the severity of the alleged pain or other symptoms "by offering specific, clear and convincing reasons for doing so."

*Smolen,* 80 F.3d at 1281–1282 (citing *Cotton v. Bowen,* 799 F.2d 1403, 1407–1408 (9th Cir.1986) (per curiam)). " 'The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving' " (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir.1995)); *Saelee v. Chater,* 94 F.3d 520, 522 (9th Cir. 1996) (per curiam); *Allen v. Heckler,* 749 F.2d 577, 580 n. 1 (9th Cir.1984).

Measuring this appeal with the foregoing legal precepts, we conclude that substantial evidence supports the Commissioner's determination and that the ALJ committed no legal error.

We have considered all the contentions presented by the parties and conclude that no further discussion is necessary.

AFFIRMED.