Lalo FLORES, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant–
Appellee.

No. 05–15859.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2007 *.

Filed June 20, 2007.

Brewer & Mitchell, LLP, Sacramento, CA, for Plaintiff–Appellant.

USSAC—Office of the U.S. Attorney, Jacqueline A. Forslund, Esq., SSA—Social Security Administration, Office of the Gen-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

eral Counsel, San Francisco, CA for Defendant–Appellee.

Before: BRUNETTI, W. FLETCHER, and BEA, Circuit Judges.

### MEMORANDUM **

This case involves an application for disability benefits filed by Lalo Flores ("Flores") under Title II of the Social Security Act. Flores' application was denied by an Administrative Law Judge ("ALJ"), whose denial became the final decision of the Commissioner of Social Security. Thereafter, Flores appealed the ALJ's decision to the district court, who affirmed the denial of benefits. Flores now appeals to this court, requesting that we reverse and remand to the Social Security Administration for the immediate payment of benefits.

We review the district court's decision de novo. *Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir.2002). The underlying decision of the ALJ, however, is entitled to far more deference. The ALJ's factual findings must be affirmed if supported by substantial evidence. *Saelee v. Chater,* 94 F.3d 520, 521 (9th Cir.1996). And the ALJ's legal conclusions must be sustained unless there is clear error. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005). In other words, we do not lightly substitute our view for that of the ALJ.

■ The ALJ in this case did not err in failing to conduct a multiple impairments analysis. A multiple impairments analysis

is only required when the claimant has proven that he or she actually suffers from more than one valid impairment. *See Macri v. Chater,* 93 F.3d 540, 545 (9th Cir. 1996). Here, Flores argues that the ALJ should have considered his urinary voiding dysfunction, facet arthropathy, and thoracic mass. The record, however, supports the ALJ's conclusion that Flores did not submit the necessary "signs," "symptoms," and "laboratory findings" evidence needed to establish each of these ailments as a valid impairment. *See Ukolov v. Barnhart,* 420 F.3d 1002, 1005 (9th Cir.2005); *see also* 20 C.F.R. §§ 404.1508, 404.1528 (2006). Moreover, even if the ALJ did err in failing to consider one (or all) of these impairments, it was harmless, for Flores has not shown he suffered any prejudice as a result. *See Stout v. Comm'r,* 454 F.3d 1050, 1055 (9th Cir.2006).

■ Similarly, the ALJ did not err in rejecting the opinion of Flores' treating physician, Dr. Blum. To reject the opinion of a controverted treating physician, as was the case here, an ALJ must set forth specific and legitimate reasons supported by substantial evidence in the record. *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir.2003). The ALJ in this case satisfied this standard by noting, among other things, the presence of several conflicting medical opinions in the record, which themselves were based on independent clinical findings. *Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995).

■ There was also no error in the ALJ's rejection of Flores' subjective pain testimony. As we have explained before, an ALJ may reject a claimant's subjective pain testimony if the record contains affirmative evidence of malingering. *Benton v.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Barnhart,* 331 F.3d 1030, 1040 (9th Cir. 2003). Here, such evidence was in abundance.

█ And finally, we find the ALJ did in fact offer a proper hypothetical to the Vocational Expert who testified at Flores' hearing. The relevant hypothetical included all of the limitations supported by the record. *See Osenbrock v. Apfel,* 240 F.3d 1157, 1163–65 (9th Cir.2001).

**AFFIRMED.**

W. FLETCHER, Circuit Judge, dissenting:

I respectfully dissent.

## I. Background

Lalo Flores worked for five years in the Marine Labors Union. His job required him to lift descaling machines which weighed more than 275 pounds. Although the official work regulations required that the machine be lifted with a crane, a crane was never used. According to Flores there were "a lot of injuries." Flores himself suffered a back injury at work, which required him to receive emergency and long-term treatment from a physician including prescriptions for numerous pain medications. As a result of the injury, Flores suffers from back and hip pain that radiates into his extremities and has such limitations in his daily activities that his parents assist him at his home with yard work and meal preparation.

Flores's job also required him to handle hazardous waste. One day at work a co-worker "speared" the bag of hazardous material that Flores was assisting to load for transport. The waste "went down [Flores's] throat" and into his eyes. Because part of Flores's job was to take samples and analyze the hazardous waste, Flores knew that the material that he ingested "was so toxic, we couldn't even dispose of it in the State of California. It had to be disposed in Utah...."

On October 23, 1997, an MRI detected a mass just in front of Flores's spine. Flores suffers from pain that radiates from the location of the mass. His medical records also indicate urological problems, including a voiding dysfunction which decreases Flores's ability to empty his bladder and requires frequent trips to the bathroom. Flores also has experienced episodes of incontinence. Flores's own physician, as well as other treating physicians including his urologist, recommended immediate follow-up testing and a biopsy of the mass because it "could be related to toxic exposure."

The insurance company providing Flores's insurance through his employer refused to authorize any follow-up testing despite the unanimous opinion of Flores's treating physicians that the mass required additional medical attention. The record indicates that almost one year later after initial detection of the mass, as of September 10, 1998, "no such further studies ha[d] been authorized."

## II. Remand is Required

My dissent rests on three independent grounds. First, I disagree that Flores's mass, which was documented by an MRI and considered to be serious and to require follow-up by every physician to treat Flores, was not a "serious impairment" requiring consideration under Social Security Regulations. The "severe" impairment requirement at Step 2 is something of a misnomer. It is only " 'a *de minimus* screening device [used] to dispose of groundless claims.' " *Webb v. Barnhart,* 433 F.3d 683, 686 (9th Cir.2005); *see also Gamble v. Chater,* 68 F.3d 319, 321 (9th Cir.1995) ("Disability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack

of funds."). An impairment is not severe only if it "has no more than a minimal effect on the ability to do basic work activities." *Webb*, 433 F.3d at 686 (citing S.S.R. 96–3(p) (1996)).

The ALJ's error in refusing to consider Flores's impairments resulting from the mass near his spine is reason alone to remand. The majority cites *Macri v. Chater*, 93 F.3d 540 (9th Cir.1996), in support of its result. *Macri* is inapposite. There the court upheld the ALJ's refusal to consider the symptoms of depression in a claimant's disability determination because the medical evidence did not support that depression existed before "the expiration of [the claimant's] disability insured status." *Id.* at 545. By contrast, the impairments caused by Flores's mass, including urinary frequency and occasional incontinence, were documented during his relevant disability period. Although the majority cites *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir.2005), the case actually dictates a result contrary to the majority's conclusion. *See id.* at 1006. In *Ukolov*, the court explained that a "diagnostic Magnetic Resonance Imaging (MRI)," like the MRI that detected Flores's mass, is exactly the type of evidence that supports the existence of an impairment. *See id.*

The ALJ should have included Flores's urological limitations in the Step 4 analysis of his Residual Functional Capacity (RFC). *See* 42 U.S.C. § 423(d)(2)(B) ("In determining whether an individual's impairments are of sufficient medical severity that such ... could be the basis of eligibility under this section, the Secretary shall consider the combined effect of all the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity."). This court has recognized that no less than three independent sources—a statute, regulations, and a Social Security

Ruling—preclude an ALJ from refusing to consider limiting effects of impairments in the RFC assessment, and that such refusal is grounds for reversal. *Celaya v. Halter*, 332 F.3d 1177, 1181–82 (9th Cir.2003) (quoting 42 U.S.C. § 423(d)(2)(B), 20 C.F.R. §§ 404.1545(e), 416.945(e), and S.S.R. 96–8p).

Second, I disagree with the majority's assertion that even if the ALJ should have considered the totality of Flores's impairments, there is no showing that Flores suffered prejudice as a result of the ALJ's error. Flores testified that he had pain and that the mass caused him to require frequent restroom breaks. This court has recognized that recognition of a claimant's pain will affect the determination of a claimant's ability to work. *See Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir.1989). Moreover, the Vocational Expert's testimony makes clear that Flores would "have difficulty doing any job" if he required bathroom breaks "every hour."

Last, I also dissent from the majority's decision to uphold the ALJ's rejection of the opinion of Flores's treating physician, Dr. Blum. To warrant an exception to the "treating physician rule" by rejecting a treating physician's opinion that is contradicted, an ALJ must give specific, legitimate reasons that are supported by substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir.1989). The opinions of physicians who examined Flores only once, and were hired by the Department of Social Security and by Flores's employer, do not in and of themselves constitute "substantial evidence." Flores's case is like those contemplated in *Andrews v. Shalala*, 53 F.3d 1035 (9th Cir.1995), which require specific legitimate reasons based on substantial evidence to discredit the treating physician's opinion because the contradicting opinions of the examining physicians rest-

ed "on clinical findings *also considered* by the treating physician." *Id.* at 1041 (emphasis added). The contrary opinions were not independent findings. "In this case, ... the *findings* of the non-treating physician[s] were the same as those of the treating physician. It was [their] *conclusions* that differed." *See Murray v. Heckler,* 722 F.2d 499, 501–02 (9th Cir. 1983) (emphasis in original); *see also Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir.2006) (stating that a reviewing court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence'" (quoting *Hammock v. Bowen,* 879 F.2d 498, 501 (9th Cir.1989))).

None of the reasons offered by the ALJ constitute "substantial evidence" to reject Dr. Blum's opinion under our precedent. For example, the ALJ rejected Dr. Blum's opinion because he found that "Dr. Blum has a patient-oriented bias." This court has held that "skepticism of a treating physician's credibility flies in the face of clear circuit precedent." *See Reddick v. Chater,* 157 F.3d 715, 726 (9th Cir.1998). Because the ALJ's reasons for rejecting Dr. Blum's opinion are not supported by the record or precedent, I would hold that the ALJ erred by rejecting Dr. Blum's opinion.

### III. Conclusion

I would remand Flores's case to the agency because the ALJ erred by concluding that his mass was not a severe impairment, because the impairments resulting from the mass should have been considered in Flores's RFC assessment and because the ALJ did not provide specific, legitimate *reasons* based on substantial ev-

* This panel unanimously finds this case suitable for decision without oral argument. *See*

idence in rejecting Dr. Blum's opinion. I respectfully dissent.