83 F.3d 322
 50 Soc.Sec.Rep.Ser. 662, Unempl.Ins.Rep. (CCH) P 15224B,
96 Cal. Daily Op. Serv. 3292,
96 Daily Journal D.A.R. 5374
Chiad SAELEE, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of the Social Security
Administration,* Defendant-Appellee.
 No. 94-16664.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Dec. 7, 1995**.
Decided May 9, 1996.
 
 Robert Ishikawa, Bromberg & Ishikawa, Fresno, California, for appellant.
 Donna Wade Anderson, Assistant Regional Counsel, Department of Health and Human Services, San Francisco, California, for appellee.
 Appeal from the United States District Court for the Eastern District of California; Oliver W. Wanger, District Judge, Presiding, D.C. No. CV-93-5220 OWW (DLB).
 Before: WALLACE and THOMPSON, Circuit Judges, and SEDWICK, District Judge.***
 PER CURIAM:
 
 
 1
 Chiad Saelee appeals the district court's summary judgment in favor of the Commissioner of the Social Security Administration (Commissioner) in her action challenging the Commissioner's denial of supplemental income disability benefits under the Social Security Act (the Act), 42 U.S.C. § 405(g). The administrative law judge (ALJ) found that Saelee was not disabled within the meaning of the Act, and the district court, relying on the recommendation of the magistrate judge, found that the ALJ's findings were supported by substantial evidence and granted summary judgment to the Commissioner. Saelee appeals and we affirm.
 
 DISCUSSION
 
 2
 Saelee raises two issues on appeal. She contends the ALJ's finding that she was not disabled within the meaning of the Act was not supported by substantial evidence. Saelee also contends the ALJ erred in rejecting the findings and opinions of her treating physician in favor of the findings and opinions of nontreating consultants.
 
 
 3
 The standard of review of a district court's grant of summary judgment is de novo. Marcia v. Sullivan, 900 F.2d 172, 174 (9th Cir.1990). Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Miller v. Heckler, 770 F.2d 845, 847 (9th Cir.1985). When reviewing factual determinations by the Commissioner, acting through the ALJ, regarding an individual's disability, we affirm if "substantial evidence" supports the determinations. 42 U.S.C. § 405(g); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.1985). Substantial evidence is "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (internal quotations omitted), but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975).
 
 
 4
 There is ample evidence in the record to support the ALJ's determination that Saelee is not disabled. Saelee complains of numerous physical and psychological ailments that prevent her from engaging in any substantial work. With regard to Saelee's psychological impairments, the evidence showed that Saelee suffered from mild depression and possibly factitious disorder. The ALJ correctly determined that these psychological ailments were "nonsevere."
 
 
 5
 With regard to Saelee's physical condition, except for her hearing impairment, numerous medical examinations failed to disclose any underlying medical cause of the ailments of which Saelee complained. With regard to Saelee's hearing impairment, the ALJ found her to be hearing impaired in one ear, but capable of normal hearing with the assistance of a hearing aid.
 
 
 6
 The ALJ's decision discusses each of Saelee's alleged ailments in detail and correctly concludes that no physician has been able to find a link between Saelee's complaints and known medical pathologies. Lacking any organic basis, Saelee's complaints were deemed "extremely vague" by the ALJ.
 
 
 7
 Saelee's conduct also raised doubts about the integrity of her complaints; in one instance, she was able to move about a doctor's office at ease despite claiming to be blind and, in another, she left a doctor's examination room limping heavily although she had no noticeable limp when she entered the room.
 
 
 8
 Saelee argues that the physicians' opinions on which the ALJ relied were biased because they attributed her ailments in part to her culture. As a Mien, two consulting physicians concluded, Saelee suffered from a tendency to malinger which they suggested was common among people of her southeast Asian cultural descent.
 
 
 9
 While this analysis implicates concerns of ethnic stereotyping, the decision of the ALJ was not based on that, but rather upon the lack of any connection between Saelee's complaints and some organic medical condition. To the extent the ALJ discussed Saelee's supposed cultural tendencies, it was offered only as a possible explanation for the otherwise inexplicable causes of her complaints.
 
 
 10
 The ALJ's primary reliance on the findings of Dr. Hedberg, a medical consultant, was not an abuse of discretion. We have held that the findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995); Magallanes v. Bowen, 881 F.2d 747, 752 (9th Cir.1989). Dr. Hedberg's opinion was corroborated by the opinions of other examining and consulting physicians, which in turn were based on independent clinical findings. The essence of these opinions was that Saelee suffered from no demonstrable physical condition, which controverted the testimony of Dr. Aleman, Saelee's treating physician.
 
 
 11
 Because Dr. Hedberg and the other examining physicians' opinions were based on "independent clinical findings," the ALJ had discretion to disregard Dr. Aleman's diagnosis. Andrews, 53 F.3d at 1041. Exercising that discretion, the ALJ found Dr. Aleman's report untrustworthy because it was obtained solely for the purposes of the administrative hearing, varied from Dr. Aleman's own treatment notes, and was worded ambiguously in an apparent attempt to assist Saelee in obtaining social security benefits. In these circumstances, the ALJ did not abuse his discretion in rejecting Dr. Aleman's opinion.
 
 
 12
 AFFIRMED.
 
 
 
 *
 In accordance with section 106(d) of the Social Security Independence and Program Improvements Act of 1994, P.L. No. 103-296, Shirley S. Chater, the Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as defendant-appellee. Because the Secretary of Health and Human Services was responsible for actions of the Social Security Administration during the earlier proceedings reviewed here, we will refer to the defendant-appellee as "Secretary" rather than "Commissioner" for convenience
 
 
 **
 The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * Hon. John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation