113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John SAVINSKI, Plaintiff-Appellant,
v.
SOCIAL SECURITY ADMINISTRATION, OFFICE OF HEARING AND
APPEALS, a U.S. Federal Government Agency;
SHIRLEY S. CHATER, Commissioner, Social
Security Administration,
Defendants-Appellees.
 No. 96-16155.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 9, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Savinski appeals the district court's summary judgment in favor of the Commissioner of the Social Security Administration ("the Commissioner") in Savinski's action seeking disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 423. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 A district court's summary judgment upholding denial of social security benefits is reviewed de novo. See Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir.1995). The decision of the Commissioner must be affirmed, however, if it is supported by substantial evidence and the Commissioner applied the correct legal standards. See id.
 
 
 4
 Savinski contends that the district court erred by granting summary judgment for the Commissioner because he established that he became disabled due to dizziness, headaches, ringing in the ears, and occasional vomiting, on December 5, 1986, prior to the expiration of his insured status on December 31, 1991. This contention lacks merit.
 
 
 5
 A claimant bears the burden of proving that he is disabled. See id. He must prove that he became disabled prior to his date last insured. See id. To meet his burden, a claimant must produce complete and detailed objective medical reports of his condition from licensed medical professionals. See id. An administrative law judge ("ALJ") may reject the uncontradicted opinions of treating and examining physicians only if he provides clear and convincing reasons for doing so. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996). Furthermore, an ALJ may reject claimant's testimony if he provides specific, cogent reasons for disbelieving claimant. See id. at 834.
 
 
 6
 The opinion of one psychologist supports Savinski's claim that he was disabled prior to December 31, 1991. However, the psychologist's opinion was conclusory and unsubstantiated by relevant medical documentation. See Johnson, 60 F.3d at 1432. Further, his opinion conflicted in part with other evidence in the record. See id. at 1434. Moreover, the psychologist did not examine Savinski until two years after his insured status expired, and after an adverse determination by the Commissioner. See Saelee v. Chater, 94 F.3d 520, 522-23 (9th Cir.1996), cert. denied, 117 S.Ct. 953 (1997). Accordingly, the ALJ properly rejected the psychologist's speculative conclusion that Savinski was disabled during the relevant period. See Johnson, 60 F.3d at 1432.
 
 
 7
 The ALJ also properly declined to find Savinski disabled based on the 1993 report of a neurologist who allegedly treated Savinski in 1986 and 1987. See id. The neurologist did not conclude that Savinski was disabled or needed to restrict his activities, he presented no contemporaneous medical treatment documentation, and his report conflicted in part with other evidence in the record. See id. at 1432-34.
 
 
 8
 The ALJ also set forth adequate reasons for not fully crediting Savinski's subjective pain testimony. See Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir.1991). It was internally inconsistent and conflicted with other evidence in the record. See id.
 
 
 9
 Finally, the ALJ properly discounted the testimony of Savinski's wife on the grounds that it conflicted in part with other evidence in the record. See Johnson, 60 F.3d at 1434.
 
 
 10
 Accordingly, substantial evidence supports the ALJ's conclusion that Savinski failed to establish he was disabled prior to expiration of his insured status. See id. at 1432.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3