134 F.3d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Glenn E. MADDOX, Plaintiff/Appellant,
v.
John J. CALLAHAN,* Acting Commissioner,
Social Security Administration, Defendant/Appellee.
 No. 96-35969.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1997.***
Decided Jan. 14, 1998.
 
 1
 Before: SKOPIL and HAWKINS, Circuit Judges, and MERHIGE,*** District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Glenn E. Maddox appeals the district court's affirmance of the Commissioner of Social Security's denial of her application for Supplemental Security Income pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 405(g). Maddox, whose past work included garbage collection and manual labor for a peanut company, alleged disability as a result of lower back pain, pain in his knees, and borderline intelligence. We affirm.
 
 
 4
 A district court's order upholding the Commissioner's denial of benefits is reviewed de novo. See Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir.1997). The scope of appellate review is limited; the decision of the Commissioner must be affirmed if it was supported by substantial evidence and was free from legal error. See Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). Factual determinations by the Commissioner, acting through the administrative law judge, must be supported by substantial evidence. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 953 (1997).
 
 I.
 
 5
 The record shows that Maddox's subjective pain testimony is not supported by the findings of some of his treating physicians, the limited medical treatment he receives for pain, the ALJ's observations of his apparent lack of discomfort during the administrative hearing, and some of the evidence regarding Maddox's daily activities. As long as the ALJ "makes specific findings that are supported by the record," the ALJ "may discredit the claimant's allegations based on inconsistencies in the testimony or on relevant character evidence." Bunnell. Sullivan, 947 F.2d 341, 346 (9th Cir.1991) (en banc). Additionally, where there is conflicting medical evidence, the ALJ must resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995).
 
 
 6
 We conclude that the record supports the ALJ's specific reasons for rejecting Maddox's subjective pain testimony in making a determination of Maddox's residual functional capacity. See Macri v. Chater, 93 F.3d 540, 544 (9th Cir.1996); Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir.1995).
 
 II.
 
 7
 The vocational expert testified that a person with borderline intelligence who is limited to simple, repetitive, light work tasks can perform 280 different jobs in the national economy. The expert reached this number by reducing the 1,400 light jobs listed in the Medical Vocational Guidelines by 80% to account for Maddox's borderline intelligence.
 
 
 8
 We conclude that the Commissioner has met his burden of establishing that Maddox can do other "substantial gainful activity." DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir.1991).
 
 III.
 
 9
 Based on the foregoing, we conclude that the district court correctly affirmed the Commissioner's denial of Maddox's application for disability insurance benefits.
 
 
 10
 AFFIRMED.
 
 
 
 *
 John J. Callahan, Acting Commissioner, Social Security Administration, is automatically substituted for his predecessor, Shirley S. Chater, Commissioner, Social Security Administration, pursuant to Fed. R.App. P. 43(c)
 
 
 **
 * The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3