**Phuong DOAN, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE,\* Defendant–Appellee.**

No. 05–56695.

United States Court of Appeals, Ninth Circuit.

Submitted June 8, 2007 \*\*.

Filed June 15, 2007.

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Alexandra T. Manbeck, Esq., San Diego, CA, for Plaintiff–Appellant.

Jo Anne B. Barnhart, Commissioner of Social Security, Social Security Administration, Shea Lita Bond, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: HALL and CALLAHAN, Circuit Judges, and REED,*** District Judge.

### MEMORANDUM ****

The Appellant, Phuong Doan, seeks reversal of the district court's order denying her motion for summary judgment and granting Appellee's motion. Appellant's motion sought an order compelling the Commissioner to grant her application for Social Security benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1382c. This court reviews de novo the district court's summary judgment. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir.1996). The decision of the Commissioner, however, will be affirmed if free of legal error

*** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent, except as provided by Ninth Circuit Rule 36–3.

and supported by substantial evidence. *Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir.1996).

■ Appellant makes numerous intertwined arguments, each of which we reject. Having carefully reviewed the Administrative Law Judge's ("ALJ's") decision and the record, we find Appellant's argument that the ALJ did not give specific and convincing reasons for finding that she was not fully credible to be without merit. Appellant also argues that the ALJ relied on records that pre-dated her second application for benefits and further argues that in the process the ALJ erroneously applied "de facto and de jure" res judicata. There is no basis for this assertion in the record. Nor was there any legal error in the ALJ's weighing of the medical evidence. While the ALJ rejected a considerable number of treating physicians' opinions, many of which were recent, he gave specific and legitimate reasons for doing so in each case. The record contains substantial evidence for these reasons and we therefore reject Appellant's argument that the ALJ improperly rejected the opinion of treating physicians. *See Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1195 (9th Cir. 2004). The expert witness' testimony on which the ALJ relied was grounded in the record and, when considered in conjunction with other independent evidence in the record, constituted substantial evidence for his decision.

■ We also find Appellant's alternative argument that the ALJ failed to discharge his duty to develop the record to be devoid of merit. Appellant had ample opportunity to supplement the record, failed to substantively do so, and we find nothing that indicates she was deprived a full and fair

* This panel unanimously finds this case suitable for decision without oral argument. *See*

hearing. *See Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir.2001).

Because we find no error in the ALJ's credibility determination and no error in his conclusions based on the medical evidence, we find no error in the ALJ's finding that Appellant did not meet or equal Listing 12.04 or 12.06. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.04, 12.06. Nor did the ALJ otherwise err in finding that Appellant is not disabled.

**AFFIRMED.**