James WRIGHT, Plaintiff–Appellant,

v.

Michael J. ASTRUE,* Defendant–
Appellee.

No. 05–56543.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2007.

Filed July 6, 2007.

Laura Lackey–Krank, Esq., Law Offices of Rohlfing & Kalagian, Long Beach, CA, for Plaintiff–Appellant.

John C. Cusker, Esq., SSA–Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: HALL and CALLAHAN,
Circuit Judges, and REED,** District
Judge.

MEMORANDUM ***

The Appellant, James Wright, filed an action in district court seeking review of the Commissioner's final decision denying him Social Security benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381a. The district court granted the Commissioner's motion for summary judgment and Wright appeals. We review de

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent, except as provided by Ninth Circuit Rule 36–3.

novo the district court's grant of summary judgment. *Saelee v. Chater,* 94 F.3d 520, 521 (9th Cir.1996). The decision of the Commissioner will, however, be affirmed if free of legal error and supported by substantial evidence. *Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir.1996). We reverse and remand.

Appellant argues that the ALJ failed to provide clear and convincing reasons for rejecting his subjective claims of impairments. The ALJ found Wright "not totally credible for reasons set forth in the body of the decision" but the body of the decision did not actually discuss Wright's credibility. *See Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995) ("[T]he ALJ must identify what testimony is not credible and what evidence undermines claimant's complaints."). Similarly, the ALJ should have pointed out whether he accepted or discounted the grandfather's testimony or point out which aspects of Wright's claims would be discounted. The district court erred in "affirm[ing] the ALJ's credibility decision based on evidence that the ALJ did not discuss." *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir.2003); *see also Pinto v. Massanari,* 249 F.3d 840, 847–48 (9th Cir.2001) (citing *S.E.C. v. Chenery Corp.,* 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947)).

The Appellant also argues that hypothetical questions asked of the vocational expert were flawed because they did not "set out *all* the limitations and restrictions of the particular claimant." *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir.1988) (emphasis in original). Wright's reviewing doctor stated that he could not handle "the usual stresses encountered in competitive work." The ALJ instead asked the vocational expert if there were jobs available for someone who could not handle the stresses of "highly competitive" work involving "quotas." This description goes far beyond what the doctor stated and therefore is not supported by the record. *See id.*

Accordingly, the judgment is **REVERSED** and **REMANDED** to the district court with instructions to remand to the Social Security Administration for further administrative proceedings consistent with this decision.