**Laura LASICH, Plaintiff–Appellant,**

v.

*Quang Van Han v. Bowen,* 882 F.2d 1453, 1457 & n. 6 (9th Cir.1989).

---

**2.** While lacking the force of law, Social Security Rulings ("SSR") are binding on ALJs. *See*

Michael J. ASTRUE,* Commissioner,
Social Security Administration,
Defendant–Appellee.

No. 05–17194.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 18, 2007.**

Filed Oct. 30, 2007.

---

\* Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart, as the Commissioner of Social Security. Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Elizabeth Firer Fax, Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: KLEINFELD and RAWLINSON, Circuit Judges, and RESTANI,\*\*\* Judge.

## MEMORANDUM \*\*\*\*

The facts and procedural posture of the case are known to the parties, and we do not repeat them here. Laura Lasich ("Lasich") appeals the district court's order granting summary judgment in favor of the Commissioner of Social Security ("Commissioner") in her application for Supplemental Security Income ("SSI") benefits under § 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. § 1382c(a)(3)(A) (2000).

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's order upholding the Commissioner's denial of benefits de novo. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir.2007). The denial of benefits will be upheld if the Commissioner "applied the correct legal standards and substantial evidence supports the decision." Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006).

■ First, Lasich argues that the administrative law judge ("ALJ") should have found that her depression and anxiety were severe impairments. The ALJ properly evaluated the evidence and found that Lasich's mental condition was not severe because it was not more than a minimal limitation and did not prevent her from performing basic mental work activities. Lasich provided little evidence of significant psychiatric or psychological findings demonstrating severe mental impairment and had not been regularly treated by a licensed psychologist or psychiatrist or received regular mental health counseling or therapy.

■ Second, Lasich contends that the ALJ erred in finding that her testimony regarding her pain and physical limitations was not credible. The court will defer to the ALJ's credibility determination when the proper process is used and proper reasons for the decision are provided. Saelee v. Chater, 94 F.3d 520, 522 (9th Cir.1996). The ALJ's conclusion that Lasich's subjective complaints were inconsistent with the weight of the evidence is supported by substantial evidence in the medical records: Lasich's range of motion, sensation, reflexes, and motor functioning had always been normal; her treating physicians disagreed that she required a cane or crutches for walking and questioned her credibility; a lack of muscle atrophy and weakness did not support her claims of inactivity and chronic fatigue and bedrest; her own statements were inconsistent regarding her ability to engage in daily activities; and evidence suggested that she exaggerated many of her impairments.

■ Third, Lasich argues that she did not have the residual functional capacity to perform a full range of sedentary work. Substantial evidence supports the ALJ's determination that despite limitations caused by her physical and mental impairments, Lasich could perform the full range of sedentary work and maintain a signifi-

---

\*\*\* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

cant number of jobs in the national economy. The ALJ found that Lasich failed to demonstrate how her mental impairments and Epstein–Barr virus ("EBV") prevented her from performing sedentary work and provided no evidence of treatment or medication received related to EBV. Additionally, the ALJ is required to give controlling weight to a treating physician's opinion only when it is consistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2). Because there was conflicting evidence from a number of medical sources, the ALJ permissibly decided to credit the opinions of Drs. Grady, Otani, and Goyal.

Finally, Lasich argues that the ALJ erred by rejecting the opinion of her treating nurse practitioner. The ALJ properly determined that a nurse practitioner was not an acceptable medical source under 20 C.F.R. § 416.913(d)(1) and that the nurse practitioner's opinions were contradictory to the objective evidence in the record. The ALJ found that the nurse practitioner primarily relied on Lasich's own statements regarding her medical difficulties rather than on her own observations.

Accordingly, we **AFFIRM** the Commissioner's denial of Appellant's application for SSI disability benefits.

RAWLINSON, Circuit Judge, concurring:

I concur in the result.