Rosa M. GARCIA, Plaintiff–Appellant,

v.

Michael J. ASTRUE, Commissioner of Social Security Administration, Defendant–Appellee.

No. 06–17131.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 17, 2008.

Filed July 29, 2008.

Mark Ross Caldwell, Caldwell & Ober, PLLC, Phoenix, AZ, for Plaintiff–Appellant.

Michael A. Johns, USPX—Office of the U.S. Attorney, Phoenix, AZ, Jean M. Turk, SSA—Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: W. FLETCHER and TALLMAN, Circuit Judges, and BERTELSMAN,* District Judge.

MEMORANDUM **

Rosa Garcia appeals the district court's order affirming the administrative law judge's (ALJ) denial of disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Substantial evidence in the record supports the ALJ's rejection of the examining psychiatrist's report in favor of the testimony of the non-examining psychologist. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir.1996) (per curiam). Additionally, the ALJ gave clear and convincing reasons for finding that Garcia was not a credible witness. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999).

* The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In pressing her disability claim, Garcia relies on the report of Dr. Narvaiz, who indicated on a check-the-box form—without providing any details or analysis in the space available—that Garcia's ability to "deal with work stresses" was "fair" or "poor to none," or perhaps somewhere in between. We find this report of Garcia's alleged disability to be inconclusive at best because the doctor checked multiple boxes when the question called for one answer. *See Morgan,* 169 F.3d at 601.

Even if we accept that Dr. Narvaiz's report could show that Garcia is disabled, the ALJ properly pointed to the fact that Dr. Jasinski, the non-examining psychologist, had a greater record before him when he testified that he did not believe Garcia was disabled. The information available to Dr. Jasinski—and unavailable to Dr. Narvaiz—included the opinion of another non-treating physician that Dr. Narvaiz's report was internally inconsistent, and a series of outpatient treatment records for Garcia from mental health professionals at a clinic.

▮ Moreover, the ALJ gave several clear and convincing reasons for rejecting Garcia's testimony of her limitations. *See Thomas v. Barnhart,* 278 F.3d 947, 959–60 (9th Cir.2002). Garcia's statements during the hearing were inconsistent with her statements to treating and examining physicians. Garcia did not consistently seek treatment for her symptoms, nor did she consistently follow treatment regimens. Garcia's reports of "severe and chronic pain" could not be corroborated by any of her physicians.

**AFFIRMED.**