John WIDMAN, Plaintiff–Appellant,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.

No. 07–35288.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 21, 2008.*

Filed Dec. 9, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David B. Lowry, Esq., Law Offices of David B. Lowry, Portland, OR, for Plaintiff–Appellant.

Neil J. Evans, Esq., Office of the U.S. Attorney, Portland, OR, Franco Becia, Esq., Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: W. FLETCHER and FISHER, Circuit Judges, and BREYER, District Judge.**

MEMORANDUM ***

John Widman appeals from the Commissioner of the Social Security Administration's denial of his application for disability insurance benefits. The district court affirmed the Commissioner's denial and this appeal followed. We "independently determine whether the Commissioner's decision (1) is free of legal error and (2) is supported by substantial evidence." *Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir.1996). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

### 1. Psychological Evidence

The ALJ properly complied with an Appeals Council remand order requiring the ALJ to obtain evidence of Widman's mental impairments and incorporate that evidence into his calculation of Widman's residual functioning capacity ("RFC"). Widman was examined by Dr. Starr, who conducted a mental examination lasting at least 90 minutes and whose report shows that he collected narrative background information, inquired into Widman's psychological and pain symptoms and incorporated that information into his conclusions. The ALJ's discussion of Dr. Starr's evidence referred to the appropriate regulations, *see* 20 C.F.R. § 404.1520a, and concluded that Widman's mental impairments were not severe, thereby discharging the ALJ's duty to "take any action that is ordered by the Appeals Council." 20 C.F.R. § 404.977(b).

The ALJ did not err by rejecting Dr. Starr's conclusion that Widman suffered from moderate to severe impairment in social functioning. The ALJ found evidence in Dr. Starr's report that Widman exaggerated his symptoms, which is a clear and convincing reason to reject the doctor's conclusions. *See Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002).

### 2. Medical Evidence

The ALJ had specific and legitimate reasons for rejecting Dr. Sandefur's

** The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

conclusion—endorsed by Widman's former treating physician, Dr. Burns—that Widman was able to work only part time with very limited duties. The ALJ was not required to discuss Dr. Burns' endorsement of Dr. Sandefur's conclusion. Although an ALJ must discuss all probative evidence, *see Vincent ex rel. Vincent v. Heckler,* 739 F.2d 1393, 1394 (9th Cir. 1984), whether Drs. Burns and Sandefur ultimately agreed about Widman's disability was beside the point. The ALJ simply noted that the absence of severe symptoms in Dr. Burns' records was inconsistent with the severity of symptoms found by Dr. Sandefur and, moreover, that Widman's history of symptom exaggeration tainted the medical conclusions. By discussing these inconsistencies, the ALJ fulfilled his duty to resolve ambiguities in the medical evidence. *See Andrews v. Shalala,* 53 F.3d 1035, 1039–40 (9th Cir.1995). The ALJ discounted Dr. Sandefur's medical report because it was solicited by Widman's counsel for litigation purposes. *See Saelee v. Chater,* 94 F.3d 520, 522–23 (9th Cir.1996) (per curiam); *Burkhart v. Bowen,* 856 F.2d 1335, 1339 (9th Cir.1988).

■ The ALJ's rejection of treating physician Dr. Smithson's conclusion was supported by clear and convincing evidence, because that conclusion was inconsistent with Widman's capabilities as they were described in many of Dr. Smithson's clinical notes. *See Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir.1998). "Such a discrepancy is a clear and convincing reason for not relying on the doctor's opinion regarding [the claimant's] limited ability ...." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005).

### 3. Hearing Testimony

■ Widman introduced evidence of impairments that would reasonably be expected to produce his subjective symptoms of pain and depression and testified to the severity of those symptoms. "If the claimant produces [such] evidence ... *and there is no evidence of malingering,* the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen,* 80 F.3d at 1281 (emphasis added). The ALJ noted several instances of malingering, including treating physician Dr. Smithson's conclusion that Widman often amplified his symptoms and the report of an examining physician, Dr. Allen, who observed Widman purposefully underperforming on a medical exam. The ALJ properly rejected Widman's testimony by using " 'ordinary techniques of credibility evaluation,' " and by observing Widman's tendency to exaggerate. *Tonapetyan v. Halter,* 242 F.3d 1144, 1148 (9th Cir.2001) (quoting *Bunnell v. Sullivan,* 947 F.2d 341, 346 (9th Cir. 1991)).

■ The ALJ did not err in rejecting Janine Errend's lay testimony, noting that Errand's testimony about the extent of Widman's symptoms was inconsistent with medical reports that Widman had been chopping and hauling wood during the same time period. *See Bayliss,* 427 F.3d at 1218 (holding that "[i]nconsistency with medical evidence is [a germane] reason" for rejecting lay testimony).

### 4. The RFC Calculation and Step Five Determination

■ The ALJ did not fail to provide for Widman's inability to work "on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule)" in calculating Widman's RFC. SSR 96–8p. The ALJ specifically found how many hours out of an eight hour work day Widman could be expected to stand

and walk and identified his RFC as the *most* he could do.

The ALJ need not conduct a "function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record." *Bayliss*, 427 F.3d at 1217. Because the ALJ properly rejected evidence of Widman's mental impairments, the ALJ did not err by failing to alter Widman's RFC to reflect these impairments.

The vocational expert's testimony at Widman's hearing was proper. "An ALJ may take administrative notice of any reliable job information, including information provided by a VE. A VE's recognized expertise provides the necessary foundation for his or her testimony." *Bayliss*, 427 F.3d at 1218 (citation omitted). "Thus, no additional foundation is required." *Id.*

**AFFIRMED.**