**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAI CHANG,<br><br>             Plaintiff - Appellant,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>             Defendant - Appellee. | No. 11-16362<br><br>D.C. No. 1:10-cv-01097-JLT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding

Argued and Submitted November 6, 2012
San Francisco, California

Before: KLEINFELD, BERZON, and MURGUIA, Circuit Judges.

The district court affirmed the Commissioner's denial of Mai Chang's

application for Supplemental Security Income, and Chang now appeals. We have

jurisdiction pursuant to 28 U.S.C. § 1291 and reverse.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Chang contends the ALJ rejected findings of an examining physician, Dr. Greg Hirokawa, without providing the requisite "specific and legitimate reasons" supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). Specifically, Chang argues the ALJ (1) misinterpreted the word "fair" in Hirokawa's report; and (2) provided an inadequate explanation for rejecting Hirokawa's finding that Chang had a "poor" ability to complete a normal workday or workweek without interruption. Chang's first argument is meritless, her second is not.

Chang presents no persuasive evidence that "fair" is a term of art with a definite and consistent meaning. Consequently, the ALJ did not err in concluding that when Hirokawa used the word "fair" to describe Chang's abilities in a particular area, he implied no disabling impairment in that area. *See Cantrell v. Apfel*, 231 F.3d 1104, 1107–08 (8th Cir. 2000) (the word "fair" in a physician's report should be read in light of the entire record).

The ALJ rejected Hirokawa's finding that Chang had a "poor" ability to complete a normal workday or workweek because, according to the ALJ, Hirokawa based this finding on Chang's "poor motivation." The Commissioner argues that what the ALJ intended to communicate with this delphic statement was that Hirokawa should have discredited Chang's subjective complaints because the ALJ

2

himself found Chang not credible. *See Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (ALJ may disregard a physician's opinion that is based on the claimant's subjective complaints where ALJ has already properly discredited claimant's subjective complaints). But because we cannot engage in "*post hoc* rationalizations that attempt to intuit what the [ALJ] might have been thinking," *Bray v. Comm'r*, 554 F.3d 1219, 1226 (9th Cir. 2009), we cannot affirm based on a rationale the ALJ never specifically articulated. Hirokawa concluded Chang's depression prevented her from completing a normal workweek, and found Chang was "open and honest" and did not seem to be "exaggerating symptoms." If the ALJ wishes to reject those findings, he himself must articulate specific and legitimate reasons for doing so.

The ALJ also concluded Hirokawa erroneously based his finding on "cultural differences," this statement is even less clear than the ALJ's statement about Chang's "poor motivation." Hirokawa did indeed find that Chang's difficulty performing cognitive tests during the evaluation might have been due to "cultural issues," but there is no support for the conclusion that Hirokawa based the particular finding at issue—Chang's poor ability to get through a workweek—on "cultural differences." *Cf. Saelee v. Chater*, 94 F.3d 520, 522 (9th

Cir. 1996) (ALJ referred to cultural tendencies because physicians themselves suggested those tendencies might explain a not credible claimant's symptoms).

We reverse because the ALJ failed to state specific and legitimate reasons supported by the record for rejecting Hirokawa's findings. On remand, the district court shall refer this case to the ALJ for reconsideration of Chang's application for benefits.

**REVERSED and REMANDED**.

4

Chang v. Astrue, 11-16362

KLEINFELD, Senior Circuit Judge, dissenting:


I respectfully dissent.


This case could reasonably have been decided either way at the administrative level. The record allows for the interpretation that the claimant is unable to work, but also for the interpretation that she could do something like the work she did before she came to the United States, on a farm, and prefers not to. Because the record as a whole could be read either way, we are required to accept the ALJ's decision.[1]


The majority bases its reversal on the theory that the agency inadequately justified rejecting Dr. Hirokawa's view. That is not a good enough reason to reverse.


First, Dr. Hirokawa does not clearly state that Chang is medically disabled. He attributes Chang's limitations to "limited education," "cultural issues" by which

---

[1] Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

1

he seems to mean ignorance of things most Americans know (like what "birds of a feather flock together" means), and depression. He attributed her "poor" ability to complete a normal workday or workweek to "depressive symptoms, fatigue, and poor motivation." Poor motivation may be a medical disability, if caused by clinical depression, and may not be, if caused by a preference for not working. Cultural differences may, in combination with a medical disability, further limit ability to work, but are not themselves a medical disability.

Second, Dr. Hirokawa was not a treating physician. The higher level of deference for a treating physician's opinion has no application to this opinion by a consulting psychologist.[2]

The ALJ thought that although Chang had medical impairments, her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." He articulated particularized reasons for why he thought so. There is substantial evidence in the record as a whole for his view. A consulting physician's report by two physicians characterizes Chang's

---

[2] Hiler v. Astrue, 687 F.3d 1208, 1212 (2012) ("[G]enerally a treating physician's opinion carries the most weight of the various types of physician testimony.").

2

credibility as "partial."  This physician's report says that her "fairly [normal] physical exam does not support alleged degree of limitation of physical."  A different  physician who performed a comprehensive internal medicine evaluation characterized her as a "poor historian."

Chang may or may not be medically disabled.  The ALJ may or may not be correct in his conclusion that she exaggerated her symptoms.  "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."[3]  Because we must defer to the agency if substantial evidence on the record as a whole supports its conclusion, it does not matter that we might reasonably read the record differently from the agency.  We are obligated by the standard of review to affirm.[4]

The ALJ considered the entire record and found that Chang's statements about the limiting effects of her symptoms were not entirely credible.  Substantial evidence supports the ALJ's determination, so we should affirm.

---

[3]  Burch, 400 F.3d at 679.

[4] 42 U.S.C. 405(g); Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("We may reverse the ALJ's decision to deny benefits only if it is based upon legal error or is not supported by substantial evidence.").