MEMORANDUM *
The district court affirmed the Commissioner’s denial of Mai Chang’s application for Supplemental Security Income, and Chang now appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291 and reverse.
Chang contends the ALJ rejected findings of an examining physician, Dr. Greg Hirokawa, without providing the requisite “specific and legitimate reasons” supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir.1995). Specifically, Chang argues the ALJ (1) misinterpreted the word “fair” in Hirokawa’s report; and (2) provided an inadequate explanation for rejecting Hiro-kawa’s finding that Chang had a “poor” *699 ability to complete a normal workday or workweek without interruption. Chang’s first argument is meritless, her second is not.
Chang presents no persuasive evidence that “fair” is a term of art with a definite and consistent meaning. Consequently, the ALJ did not err in concluding that when Hirokawa used the word “fair” to describe Chang’s abilities in a particular area, he implied no disabling impairment in that area. See Cantrell v. Apfel, 281 F.3d 1104, 1107-08 (8th Cir.2000) (the word “fair” in a physician’s report should be read in light of the entire record).
The ALJ rejected Hirokawa’s finding that Chang had a “poor” ability to complete a normal workday or workweek because, according to the ALJ, Hirokawa based this finding on Chang’s “poor motivation.” The Commissioner argues that what the ALJ intended to communicate with this delphic statement was that Hiro-kawa should have discredited Chang’s subjective complaints because the ALJ himself found Chang not credible. See Fair v. Bowen, 885 F.2d 597, 605 (9th Cir.1989) (ALJ may disregard a physician’s opinion that is based on the claimant’s subjective complaints where ALJ has already properly discredited claimant’s subjective complaints). But because we cannot engage in “post hoc rationalizations that attempt to intuit what the [ALJ] might have been thinking,” Bray v. Comm’r, 554 F.3d 1219, 1226 (9th Cir.2009), we cannot affirm based on a rationale the ALJ never specifically articulated. Hirokawa concluded Chang’s depression prevented her from completing a normal workweek, and found Chang was “open and honest” and did not seem to be “exaggerating symptoms.” If the ALJ wishes to reject those findings, he himself must articulate specific and legitimate reasons for doing so.
The ALJ also concluded Hirokawa erroneously based his finding on “cultural differences,” this statement is even less clear than the ALJ’s statement about Chang’s “poor motivation.” Hirokawa did indeed find that Chang’s difficulty performing cognitive tests during the evaluation might have been due to “cultural issues,” but there is no support for the conclusion that Hirokawa based the particular finding at issue — Chang’s poor ability to get through a workweek — on “cultural differences.” Cf. Saelee v. Chater, 94 F.3d 520, 522 (9th Cir.1996) (ALJ referred to cultural tendencies because physicians themselves suggested those tendencies might explain a not credible claimant’s symptoms).
We reverse because the ALJ failed to state specific and legitimate reasons supported by the record for rejecting Hiroka-wa’s findings. On remand, the district court shall refer this case to the ALJ for reconsideration of Chang’s application for benefits.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.