**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| VAN HENRY JORDAN, Jr., | No. 13-15371 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00953-NVW |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted May 13, 2015[**]
San Francisco, California

Before: O'SCANNLAIN, IKUTA, and N.R. SMITH, Circuit Judges.

Van Henry Jordan, Jr. appeals from the district court's order affirming the

Administrative Law Judge's (ALJ) denial of benefits. We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The ALJ did not err in discounting Jordan's testimony about the severity and intensity of his symptoms because she gave "specific, clear and convincing reasons" for doing so, *see Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks omitted), including that Jordan responded favorably to conservative treatment and worked only sporadically prior to the alleged disability onset date, both of which undermine a claimant's testimony that he is unable to work due to disabling pain, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The ALJ properly relied on Jordan's daily activities to discount his testimony because they contradict his "claims of a totally debilitating impairment" even if Jordan did not spend a substantial part of his day engaged in them. *See Molina*, 674 F.3d at 1113.

The ALJ also did not err in discounting the opinions of the two nurse practitioners who treated Jordan because they are not acceptable medical sources, *see* 20 C.F.R. § 404.1513(a), (d)(1), and the ALJ gave "reasons germane to each witness for doing so," *see Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (internal quotation marks omitted), including that their opinions departed substantially from the rest of the medical evidence in the record and were inconsistent with Jordan's recent work activities. Even if some of the ALJ's

2

reasons for discounting their opinions were not valid, any error was harmless in light of the valid reasons the ALJ provided. *See Molina*, 674 F.3d at 1115.

The ALJ properly relied on the opinions of Dr. Cunningham, Dr. Holly, and Dr. Bargan in assessing Jordan's residual functional capacity (RFC), given that Dr. Cunningham was an examining physician, *see Ghanim*, 763 F.3d at 1160, and Drs. Holly and Bargan's opinions are supported by the objective medical evidence, *see Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (per curiam). The ALJ was not required to set forth specific reasons for favoring Dr. Cunningham's opinion over the nurse practitioners' opinions because nurse practitioners cannot be considered treating sources, *see* SSR 06-03p, 2006 WL 2329939, at *2. *Cf. Orn v. Astrue*, 495 F.3d 625, 633–34 (9th Cir. 2007). The ALJ did not independently assess the medical evidence or substitute her opinion for that of medical testimony, but rather resolved conflicts in the medical evidence, which is precisely the ALJ's role. *See Andrews v. Shalala*, 53 F.3d 1035, 1041, 1043 (9th Cir. 1995). Although some new evidence about Jordan's condition was discovered after the physicians' assessments, this evidence was presented to the ALJ, who determined it was consistent with their assessments.

Evidence in the record supports each of the functional limitations found by the ALJ in her RFC assessment. The regulations do not require that the ALJ's

3

RFC finding directly correspond to a specific medical opinion. *See Bayliss v.*

*Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

**AFFIRMED.**