NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NELIDA CASTILLO, | No. 19-35159 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-03071-RHW |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Submitted March 11, 2021**
San Francisco, California

Before: McKEOWN, IKUTA, and BRESS, Circuit Judges.

Nelida Castillo appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's judgment affirming the Administrative Law Judge's ("ALJ") denial of social security benefits, and we reverse "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017). We may not, however, "reverse an ALJ's decision on account of a harmless error." *Id.*

The ALJ's evaluation of the medical opinion evidence is supported by substantial evidence. First, the ALJ provided specific and legitimate reasons, supported by substantial evidence in the record, for according little weight to examining physician Dr. Pellicer's opinion and the 2014 opinion of Dr. Staley, both of which are contradicted by the 2015 opinions of Drs. Staley and Virji. *See Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) ("If the opinion of an examining doctor is contradicted by another doctor, it can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." (citation and internal quotation marks omitted)). The ALJ found that Dr. Pellicer's opinion and Dr. Staley's 2014 opinion were inconsistent with Castillo's mild imaging findings and longitudinal evidence reflecting her good range of motion and strength throughout her extremities. To the extent it was error for the ALJ to fail to explicitly list and assess each regulatory factor in considering this medical

2

opinion evidence, *see* 20 C.F.R. §§ 404.1527(c), 416.927(c) (2017), any such error was harmless. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (Harmless error exists "when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." (citation and internal quotation marks omitted)); *see also Marsh v. Colvin*, 792 F.3d 1170, 1172–73 (9th Cir. 2015).

Second, the ALJ did not err in according great weight to the 2015 opinions of Drs. Staley and Virji because these opinions were consistent with other evidence in the record. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (per curiam) ("We have held that the findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings."). Even assuming Castillo preserved her argument regarding these opinions' failure to mention her obesity, it was not error for the ALJ—who independently accommodated Castillo's obesity—to accord these opinions great weight.

The ALJ's discounting of Castillo's testimony is supported by substantial evidence. The ALJ provided specific, clear and convincing reasons for discounting her testimony about the severity of her symptoms, including conflicting objective medical evidence, evidence that Castillo continued to do "normal work," which included overhead reaching, and evidence of Castillo's failure to report symptoms

3

and limitations of the severity alleged. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). Even though the evidence that Castillo continued to engage in overhead reaching as part of her work also indicated that overhead reaching caused pain and that she was working through pain, the ALJ could still find this work inconsistent with Castillo's statements about the extent of her impairment. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

The ALJ's discounting of the testimony of Castillo's daughter, Violetta, is also supported by substantial evidence.[1] In light of our conclusion that the ALJ provided specific, clear and convincing reasons for rejecting Castillo's testimony, and because Violetta's testimony was similar to Castillo's, "it follows that the ALJ also gave germane reasons for rejecting her testimony." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

Finally, the ALJ's findings at step five are supported by substantial evidence. Because Castillo's counsel "fail[ed] entirely to challenge [the] vocational expert's job numbers during administrative proceedings before the agency, [she] forfeits such a challenge on appeal."[2] *Shaibi v. Berryhill*, 883 F.3d

---

[1] We refer to Castillo's daughter using only her first name—Violetta—because the spelling of her last name is inconsistent throughout the record and the parties' briefs.

[2] Despite being raised in and addressed by the district court, under our decision in *Shaibi*, the issue was not "preserve[d] . . . for litigation in the district court." 883 F.3d at 1109. Allowing forfeiture to be overcome by raising the issue for the first

1102, 1109 (9th Cir. 2017). To the extent the ALJ erred in failing to resolve any conflict between the residual functional capacity limitation on concentrated exposure to hazards and the conveyor line bakery worker job, any such error was harmless because the ALJ found that Castillo could make a successful adjustment to other work—beyond the conveyor line bakery worker job—that exists in significant numbers in the national economy. *See id.* at 1110 n.7 (concluding that any agency error in failing to recognize and resolve a conflict between Shaibi's residual functional capacity and the demands of a job was harmless where the ALJ identified two other jobs that existed in significant numbers).

**AFFIRMED.**

time in the district court would subvert the "fundamental principle that an agency, its experts, and its administrative law judges are better positioned to weigh conflicting evidence than a reviewing court." *Id.*