**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NIKKI N. BOWEN,<br><br>              Plaintiff-Appellant,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner<br>of Social Security,<br><br>              Defendant-Appellee. | No.    21-35600<br><br>D.C. No. 3:20-cv-05454-BAT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted June 7, 2022[**]
Portland, Oregon

Before:  EBEL,[***] W. FLETCHER, and CLIFTON, Circuit Judges.

Plaintiff-Appellant Nikki N. Bowen appeals from the district court's order

affirming Defendant-Appellee Acting Commissioner of Social Security's denial of

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

        [***]    The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

her application for disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We "review the district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). We affirm.

1. We conclude that the Administrative Law Judge ("ALJ") properly discounted Bowen's symptom testimony. The ALJ offered three reasons, which the district court recognized as meeting the "clear and convincing" standard.

The first reason that the ALJ discounted Bowen's testimony was that the record showed that Bowen engaged in activities demonstrating that she functioned better than her testimony alleged. *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i) (permitting an ALJ to discount a claimant's symptom testimony when inconsistent with the claimant's "daily activities"). In *Morgan v. Commissioner of the Social Security Administration*, 169 F.3d 595, 600 (9th Cir. 1999), we upheld an ALJ decision stating that a claimant's activities—preparing meals, doing chores, and caring for a friend's child—contradicted his symptom testimony of concentration problems. Bowen engaged in more taxing activities and alleged a greater level of incapacity than Morgan. She stated that she could not reliably drive or perform household cleaning, but elsewhere she stated that she was

able to maintain her home, drive, prepare meals, get her children ready for school, and even complete online coursework "eight hours a day, every day" in 2012 and 2013 until her computer broke. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled. . . ."). At a 2016 hearing, Bowen testified that she could work "[e]ight hours a day, five days a week[,] the way normal people would."

The second reason that the ALJ discounted Bowen's testimony was that her testimony was inconsistent with her medical records, including evidence conflicting with the limitations that she alleged and showing that treatment, when accepted by Bowen, helped her symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). After surgery, Bowen reported "[d]oing extremely well" with "no complaints" and stated that her new bag was "working well." She also reported having "no problems" with her bag and believing that she could work due to the efficacy of her treatment regimen. When she had a malfunctioning bag replaced in 2015, she denied having gastrointestinal or abdominal issues. As the district court

21-35600

observed in a previous order, Bowen's testimony when seeking benefits often conflicted with her medical records.

The third reason that the ALJ discounted Bowen's testimony was that Bowen did not consistently self-administer her treatment, which we have considered "powerful evidence" of the extent of symptoms. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Bowen testified in July 2013 that she had stopped smoking tobacco in November 2012, but her medical records show otherwise. She has conceded that she was told that "the effects of nicotine will almost completely negate the therapeutic benefits" of her Crohn's medication. She admitted noncompliance with her medication schedule multiple times. Her misunderstandings about her ailments do not provide an excuse for her noncompliance with her treatment regimen; our case law has established that such an excuse requires "medical evidence that [her] resistance was attributable" to her ailment, which does not exist here. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

2. We conclude that substantial evidence supports the ALJ's evaluation of the medical opinions of the five doctors raised in Bowen's opening brief.

With regard to Dr. West, the ALJ properly gave "some weight to Dr. West's opinion[,]" which was based in part "on [Bowen's] own reports" and somewhat inconsistent with "relatively normal physical findings on examination[.]" *See*

*Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (noting that an ALJ may consider whether "a treating physician's opinion . . . is based to a large extent on a claimant's self-reports that have been properly discounted as incredible" (quotation marks omitted)). The ALJ properly afforded "little weight" to Dr. West's mention of a "comfortable chair" because "[h]is examination made no findings regarding issues with discomfort si[t]ting, nor any impairments that might cause discomfort sitting"; the ALJ also noted that "[n]o other medical examiner or treatment provider noted issues with sitting or a basis for an especially equipped chair." *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) (supporting the proposition that an ALJ should afford more weight to an opinion supported by other medical findings).

With regard to Dr. Liu, the ALJ properly gave "little weight" to Dr. Liu's opinion, which similarly conflicted with "relatively normal physical findings" that suggest that Bowen "does not have the degree of limitation sitting that [Dr. Liu] stated [after] examin[ing Bowen] just one time" and "accept[ing Bowen's] allegations of difficulty sitting even without sufficient objective support." Although Bowen claims that "there is no evidence that [Dr. Liu] based her opinion *primarily* on Bowen's allegations," Bowen points to no evidence showing that the record compels a contrary conclusion to the ALJ's.

With regard to Dr. Gaffield, the ALJ gave "some weight to Dr. Gaffield's opinion" and found that "[t]he most problematic part of [Dr. Gaffield's] statement is that he offered limitations sitting[,] . . . but he provide[d] no explanation for why having a colostomy bag would prevent a person from sitting" and, thus, "that portion of his statement [wa]s given little weight" by the ALJ. We reject Bowen's challenge to the ALJ's weighing of Dr. Gaffield's opinion for the same reasons as those stated above with regard to Drs. West and Liu. Moreover, as Defendant states, Dr. Gaffield's limitations on sitting were "contradicted by other findings that 'the [ostomy] bag is intact' and that she 'got on and off the exam table without difficulty.'"

With regard to Dr. Stevick, the ALJ properly gave significant weight to the 2012 opinion of non-examining Dr. Stevick, who opined that Bowen could perform sedentary work with some postural and environmental limitations. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (recognizing that non-examining doctors' opinions "can amount to substantial evidence" if supported by other record evidence). The record does not compel us to conclude that the ALJ erred in considering Dr. Stevick's 2012 opinion supported by other record evidence, some of which showed that Bowen's Crohn's symptoms improved after treatment and that Bowen often exhibited normal examination findings and a lack of gastrointestinal symptoms. We reject Bowen's claim that the 2012 opinion

should not have been afforded significant weight because it was made with awareness of only some of the record because the ALJ *explicitly stated* that he afforded significant weight partially due to the fact that the 2012 opinion was consistent with *subsequent* evidence, as permitted by 20 C.F.R. §§ 404.1527(c)(4) and 416.927(c)(4)'s references to "the record as a whole."[1]

With regard to Dr. Peterson, the ALJ properly gave significant weight to the opinion of Dr. Peterson, an examining psychologist who observed that Bowen's Crohn's symptoms, "combined with her anxiety over [them,] would have a significant impact on her ability to relate to coworkers or customers in the workplace" but, as the district court noted, ultimately concluded that "psychological symptoms did not prevent [Bowen] from [engaging in] gainful activity[.]" We agree with Defendant that "Bowen does not allege any error in the ALJ's weighing of Dr. Peterson's opinion," so there is no factual finding challenged on appeal. In any case, substantial evidence supports the ALJ's weighing of Dr. Peterson's opinion, especially given that Dr. Peterson noted that he was opining "[p]er the claimant's report."

---

[1] Bowen's challenge to the ALJ's granting of "limited weight" to Dr. Stevick's 2016 opinion does not support reversing the ALJ's denial of benefits because Bowen did not show that the 2016 opinion could have adversely impacted her. The ALJ's RFC ruling contained *greater* limitations than those that would be supported by the 2016 opinion and reached an outcome that was *more* favorable to Bowen than any that could have resulted from the 2016 opinion being given more weight.

21-35600

**AFFIRMED.**